**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

MYRTLE HILL,           :
           :
      Claimant,      :
           :
v.                :      CASE NO. 3:08-CV-12-CDL-GMF
           :      Social Security Appeal
MICHAEL J. ASTRUE,    :
Commissioner of Social Security,  :
           :
      Respondent.    :

## ORDER AND RECOMMENDATION

The Order filed in this case on January 23, 2009 (R-11), is hereby withdrawn, and the within Recommendation is hereby substituted therefor and submitted to the United States District Judge to whom this case is assigned.

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined

as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments,

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  20 C.F.R. § 404.1520, Appendix 1, Part 404.  First, the Commissioner determines whether the claimant is working.  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing").  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I.    **Whether the ALJ erred by failing to fully develop the record.**

II.   **Whether the ALJ erred by incorrectly attributing Claimant's impairments to drug and/or alcohol abuse.**

3

**III.**   **Whether the ALJ erred by finding that Claimant's impairments did not meet or medically equal the Listings.**

   *A.*   *Whether the ALJ erred in evaluating the severity of Claimant's dysthymic disorder and gunshot wound.*

   *B.*   *Whether the ALJ erred in evaluating the combined effects of Claimant's impairments in the context of the Listings.*

   *C.*   *Whether the ALJ erred in discounting Claimant's subjective pain allegations.*

<u>**Administrative Proceedings**</u>

Claimant filed for disability benefits on or about June 10, 2002.  (T-59-62).  Claimant's application was denied initially and on reconsideration.  (T-27-32, 35-37).  Claimant then filed a request for a hearing before an administrative law judge (ALJ), which was held on June 13, 2006.  (T-38, 46-53, 573-98).  Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated August 21, 2006.  (T-14-21).  Claimant then requested a review of the ALJ's findings by the Appeals Council wherein the Appeals Council received new evidence, specifically additional medical records, but thereafter denied review, making the ALJ's decision the final decision of the Commissioner.  (T-5-8).

<u>**Statement of Facts and Evidence**</u>

Claimant alleged she became unable to work as of the time of filing her claim, June 10, 2002.  (T-578).  Testimony at the hearing revealed that Claimant has problems with depression and anxiety.  (T-576).  Claimant also has a learning disability, evidenced by an eighth grade education, much of which was spent in special education.  *Id*.  Claimant's

attorney stated that Claimant's problems are primarily physical: Claimant suffered two heart

attacks and has diabetes, which she has problems controlling due to lack of medical care.

(T-576-77).   After examining the medical records, the ALJ determined that Claimant has

coronary artery disease (CAD), coronary spasms secondary to cocaine use, poorly controlled

hypertension, poorly controlled diabetes, and abuses cocaine and alcohol, impairments which

he found to be severe within the meaning of the Regulations but not severe enough to meet,

or medically equal, any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix

1.  (T-17-19).   After a thorough review of the record, the ALJ found that Claimant had the

residual functional capacity (RFC) to perform light, unskilled work that she has performed

in the past.  (T-19-20).   Accordingly, the ALJ made a finding of not disabled.  (T-21).   The

ALJ also found that Claimant's drug and alcohol abuse was not a factor material to the

finding of a disability.  *Id*.

## DISCUSSION

**I.   Whether the ALJ erred by failing to fully develop the record.**

Claimant alleges that the ALJ failed to fully develop the record, specifically by failing

to order another evaluative examination.  (R-9, pp. 9-11).   It is true that because a hearing

before an ALJ is not an adversary proceeding, an ALJ has a basic duty to develop a full and

fair record.  When a claimant is not represented by counsel and has not waived the right to

counsel, the ALJ has a special duty to ensure that favorable as well as unfavorable facts and

circumstances are elicited for review.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.

1981); *see also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982); *McConnell v.*

*Schweiker*, 655 F.2d 604, 606 n.2 (5th Cir. 1981).   In the instant action, the record demonstrates that Claimant was represented by counsel.   Thus, the ALJ's duty was not a special duty.

Even in the case of a special duty, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record."  *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).   Moreover, the initial burden of establishing disability is on the claimant, not the Commissioner.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  If Claimant believed that medical evidence was missing from the record, then the burden was upon her to bring forth this evidence.

The ALJ must only order consultative exams and tests when they are required in order to make an informed decision.  *Reeves v. Heckler*, 734 F.2d 519, 522 (11th Cir. 1984). However, an ALJ is not required to order additional consultative examinations if he does not find them necessary to make an informed decision.   Specifically, Claimant complains of a five year lapse between her evaluation by an agency examining physician in 2001 and the hearing in 2006.  (R-9, pp. 10-11).  However, the ALJ notes in his Findings that he reviewed Claimant's Clarke County Mental Health Records from as late as 2006.  (T-19).  Moreover, if Claimant's condition deteriorated, she should have submitted evidence showing her deterioration.  Notably, the Appeals Council received evidence in the form of Claimant's 2005-06 medical records and subsequently denied review.  (T-8).

The Commissioner's decision is supported by substantial evidence and the

Commissioner applied the proper legal standards. Claimant has not shown the prejudice necessary for remand; Claimant has simply failed to carry her burden of establishing disability. As to the ALJ's failure to order additional testing, no error is found. As discussed above, the ALJ had adequate information to make an informed decision.

## II.    Whether the ALJ erred by incorrectly attributing Claimant's impairments to drug and/or alcohol abuse.

Claimant assigns error to the ALJ's finding that her drug and alcohol abuse were a severe impairment at Step Two without making a specific finding as to whether such abuse was a material factor. (R-9, pp. 11-12).

The Social Security Act precludes the award of benefits to an individual "if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. § 416.935; *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001). Drugs and alcohol are not a contributing factor material to the determination of a disability if there are other grounds for finding that the claimant is disabled. 20 C.F.R. § 404.1535(b)(2)(ii).

In his Findings, the ALJ discusses Claimant's drug and alcohol abuse, including Claimant's admissions that she used marijuana and cocaine at specific points in 2002. (T-18-19). While the ALJ concluded that Claimant's drug and alcohol abuse was severe, the ALJ concluded that Claimant's "medically determinable substance abuse disorder is not a factor material to the finding of a disability." (T-21). This ruling is favorable to Claimant. The

7

ALJ found other severe impairments and continued the disability analysis beyond Step Two as to those impairments.  Accordingly, no error is found.

**III.    Whether the ALJ erred by finding that Claimant's impairments did not meet or medically equal the Listings.**

Claimant argues that the ALJ erred by finding that Claimant's impairments or combination of impairments did not meet or medically equal the Listings.  (R-9, p. 12). Claimant argues that a full evaluation of her combined impairments would have medically equaled the Listings.  *Id.*

*A.    Whether the ALJ erred in evaluating the severity of Claimant's dysthymic disorder and gunshot wound.*

Claimant first argues that the ALJ erred by failing to discuss all of Claimant's severe impairments, specifically Claimant's injury from a gunshot wound to her leg and Claimant's dysthymic disorder.  (R-9, pp. 12-16).  This Court is guided by Eleventh Circuit cases that have held that a claimant is burdened with presenting evidence of her impairments and their severity. *See East v. Barnhart*, 197 Fed. Appx. 899 (11th Cir. 2006); *Street v. Barnhart*, 133 Fed. Appx. 621 (11th Cir. 2005).  A medically determinable impairment or combination of impairments is "severe" if it *significantly limits* an individual's physical or mental ability to do basic work activities.  20 C.F.R. § 404.1521(a).  Therefore, an ALJ is not required to find an impairment to be severe if he finds that the impact on the person's ability to perform work-related functions to be no more than minimal.  SSR 96-3p; 20 C.F.R. § 404.1521.

In the instant case, although the ALJ did not find Claimant's gunshot wound and

8

dysthymic disorder to be severe, after "careful consideration of the entire record," the ALJ found that Claimant had several other severe impairments, thus allowing the ALJ to continue the disability analysis. (T-16-17). Moreover, the ALJ notes that no evidence in the record showed that Claimant ever sought treatment for her leg. (T-17). A physical examination revealed a full range of motion and a normal gait, and Claimant did not use a cane. *Id*. The ALJ specifically found that Claimant's leg impairment would not hinder a range of light work. *Id*.

The Findings demonstrate that the ALJ also reviewed the entire record regarding Claimant's mental health. The ALJ notes that no treatment records supported Claimant's Global Assessment of Function (GAF). (T-19). He also notes that Claimant had a prescription for an anti-depressant and that she testified at the hearing that she worried all the time and did not like to be around people. *Id*. Notably, at the hearing, Claimant's attorney testified that Claimant "has some issues with depression and anxiety" but her impairments are "primarily physical." (T-576). Claimant's brief, in support of her argument that she has severe dysthymic disorder, references her Mental Residual Functional Capacity Assessment. (R-9, p. 13). Contrary to Claimant's assertion, that document reveals that Claimant was found to have no significant limitations in most areas. (T-151-52).

As noted above, it is not the duty of this court to re-weigh the evidence, but to ensure that the Commissioner followed the correct procedure in determining disability. It is found that the ALJ applied the appropriate legal standards to determine the severity of Claimant's impairments in Step 2 of the disability analysis and that his decision is supported by

9

substantial evidence.

B.     *Whether the ALJ erred in evaluating the combined effects of Claimant's impairments in the context of the Listings.*

As to Claimant's argument that a review of all of Claimant's impairments would have led to a determination that Claimant's impairments medically equaled a Listing, no error is found.  As stated above, as part of the sequential analysis, the Commissioner must determine whether the claimant's severe impairment(s) meets or equals a Listing.  The Eleventh Circuit has held that:

> To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement.  *See* 20 C.F.R. § 404.1525(a)-(d).  To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings."  *See* 20 C.F.R. § 404.1526(a).  If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment.

*Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).

The claimant bears the burden of proving that an impairment meets or equals a Listing.  *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).  If the claimant contends that she has an impairment that medically equals a Listing, "the claimant must present medical evidence which describes how the impairment has such an equivalency."  *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986).

In his Findings, the ALJ states, "The claimant does not have an impairment *or*

10

*combination of impairments* that meets or medically equals" the Listings.  (T-17) (emphasis added).   This Finding sufficiently demonstrate that the ALJ properly considered the combined effects of Claimant's impairments.   *See Wilson*, 284 F.3d at 1224-25. Accordingly, the ALJ applied the appropriate legal standards and no error is found.

Claimant further contends that the ALJ never discusses how Claimant's alleged impairments combine to meet or medically equal a Listing.  (R-9, p. 12).  Claimant argues that the ALJ could have discussed Claimant's impairments with more reference to the applicable Listings.  However, the Eleventh Circuit has held that, "While Appendix 1 must be considered in making a disability determination, it is not required that the Secretary mechanically recite the evidence leading to her determination"; instead, "[t]here may be an implied finding that a claimant does not meet a listing" if the ALJ reaches the final two steps of the sequential analysis.  *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986).  In this case, the ALJ continued his analysis, and no error is found.

   C.   *Whether the ALJ erred in discounting Claimant's subjective pain allegations.*

Claimant argues that the ALJ erred by discrediting the Claimant's subjective complaints of pain.  (R-9, pp. 16-19).  Claimant contends that the ALJ should have attributed more significance to Claimant's subjective allegations of pain and should have applied the pain standard.  *Id*.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain

to be deemed credible by the ALJ, she must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

It is the law of this Circuit that if the ALJ discredits a Claimant's testimony, "he must articulate explicit and adequate reasons for doing so." *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987). If the ALJ fails to articulate the reasons for discrediting subjective pain testimony, such testimony is accepted as true. *Id*. at 1012. Here, the ALJ found that " the claimant's medically determinable impairments could reasonably be expected to produce some of her alleged symptoms; but the claimant's lack of motivation along with her statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely credible." (T-20). In concluding that Claimant was not fully credible, the ALJ considered the Claimant's own testimony as well as Claimant's medical evidence. Specifically, the ALJ discusses Claimant's physical examination showing that Claimant retained a full range of motion in all joints as well as Claimant's daily activities, which included cooking, cleaning, and volunteering. *Id*.

Applying the *Holt* test to this Claimant's pain allegations, it is this Court's finding that the Claimant failed to overcome the findings of the ALJ by establishing either that the

medical evidence confirmed the severity of her pain or that her medical condition was so severe as to reflect the alleged pain.  As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision.

Therefore, although the Claimant argues that the ALJ erred in discounting her pain allegations, this court finds no error in the decision.  Accordingly, it is found that the ALJ applied the appropriate legal standards as to the Claimant's allegations of pain, and the decision is supported by substantial evidence.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.  Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 23rd day of January, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

lml